**UNITED STATES**

v.

**RODDEY PACKING CO.**

Civ. No. 3597.

United States District Court,
E. D. South Carolina,
Columbia Division.

May 26, 1954.

N. Welch Morrisette, Jr., U. S. Atty., Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C., for plaintiff.

C. T. Graydon and A. T. Graydon, Columbia, S. C., for defendant.

WYCHE, District Judge.

This is an action instituted in this Court under the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq. The United States seeks to recover treble damages for a violation by the defendant corporation of a price stabilization regulation issued pursuant to the Act.

The complaint alleges that the defendant, a South Carolina corporation engaged in slaughtering livestock and operating a meat packing business, exceeded the ceiling prices for slaughtering from August 1, 1952 through November 25, 1952. The complaint further alleges that the Roddey Packing Company did not act upon the written instructions of any official of the executive department of the government.

The answer says that the Roddey Packing Company established prices for its slaughtering services in consultation with agents of the Columbia District Office of Price Stabilization. The answer further states that the prices charged for these services were below or at the maximum established under the base period and that the company incurred a loss in charging these prices. The prices charged, according to the answer, were known to O. P. S. Officials as

well as customers who had slaughtering done at defendant's packing house.

The case was tried before me without a jury at Columbia.

### Findings of Fact

Defendant, Roddey Packing Company, has been engaged in the slaughtering of livestock for a number of years including the period from 1950 through 1952. Although the company primarily conducts a meat-packing operation, slaughtering is done in connection with its business.

Upon the establishment of the O. P. S. regulations, defendant's bookkeeper and auditor—who testified for the government as well as the defendant—consulted with officials of the price control agency as to the regulations.

Defendant submitted a schedule of its highest charges during the base period (December 19, 1950, to January 25, 1951) to the O. P. S. A cardboard sheet displaying these prices was approved by enforcement officials of the O. P. S.; these prices were established and posted at the direction of these officials.

Upon a second investigation, the O. P. S. officials were unable to agree as to the proper charge and for the interim period Roddey was advised to continue the existing price schedule. The original prices were then changed to figures shown in red on the price sheet, again at the direction of O. P. S. officials; these prices were placed in effect immediately and in accordance with the directions of O. P. S. officials.

At no time did the Roddey Packing Company charge a higher price for its slaughtering charges than the maximum which had been made during the base period.

The O. P. S. instructed Roddey to advise other slaughterers in this area as to the proper methods of setting their prices, and the other slaughterers based their charges on those which the O. P. S. had approved for Roddey. This slaughtering of animals by Roddey was an accommodation to persons in the meat business, and, when the Roddey Packing Company asked the O. P. S. officials for permission to discontinue these operations, these officials insisted that Roddey continue slaughtering for these customers.

During the base period Roddey charged his regular or volume customers a different price from his casual or occasional customers. The maximum price charged to the latter was approved by counsel for the O. P. S. as the proper charge under the regulations. These charges were also approved by officials of the enforcement department of O. P. S. These charges prevailed throughout the period for which the government seeks damages.

### Conclusions of Law.

The United States is a proper party plaintiff in this action which was brought under Ceiling Price Regulation 34, issued May 11, 1951, by the Office of Price Stabilization pursuant to the Defense Production Act of 1950, Pub.Law 774, 81st Congress, Executive Order 10161, 50 U.S.C.A.Appendix § 2071 note (15 F.R. 6105) and Economic Stabilization Agency General Order No. 2 (16 F.R. 738). The validity of the Act and the regulation, as amended, is not in issue.

Regulation 34 established December 19, 1950, to January 25, 1951, as the base period for fixing prices. The regulation provides that ceiling prices were to be established as the highest price charged during the base period to a purchaser of the same class defined in Section 27(a)(11) as follows:

" 'Purchaser of the same class' means a purchase belonging to the same price class, that is, to a group of purchasers to whom it was your established practice in the base period to supply or offer to supply the same service at a particular price. If in the base period you customarily supplied or offered to supply the same service to any purchaser at a price different from the price at which you supplied or offered to supply the same service to other purchasers, that purchaser is in a purchaser price class by himself."

Roddey Packing Company, acting on advice of qualified agents of the United States, set its prices in accordance with this regulation. The United States is estopped to assert that a different price from that approved should have prevailed in the period in controversy.

The agents of O. P. S. who investigated and inspected Roddey's prices and practices were authorized under the regulation to adjust and approve ceiling prices. The United States is bound by their interpretation of the regulations and their approval of the price ceilings.

Officials of the O. P. S. had no authority to require the Roddey Packing Company to continue these services. Section 12(e) of the Regulation 34 provides that a seller may discontinue selling a particular service. The defendant was therefore penalized unduly by these directions with which he complied.

There was no violation of price ceiling regulations in this case, and the complaint is therefore dismissed, and

It Is So Ordered.